IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JEFFREY L. DAVIDSON, #11622-045                                    PETITIONER

VERSUS                                    CIVIL ACTION NO. 5:07cv97-DCB-MTP

CONSTANCE REESE, Warden                                            RESPONDENT

**MEMORANDUM OPINION AND ORDER**

    The petitioner, an inmate of the Federal Correctional Facility, Yazoo City, Mississippi, filed a petition for habeas relief pursuant to 28 U.S.C. § 2241 on May 8, 2007. On January 28, 2008, an order [5] was entered staying the instant habeas petition. The stay was then lifted by an order [7] entered on October 28, 2008. The order [7] entered on October 28, 2008, also directed the petitioner to file a written response within 20 days of the entry of the order. When the petitioner failed to respond to the order [7] of October 28, 2008, an order to show cause [8] was entered on December 9, 2008. The envelope containing the order to show cause [8] has been returned by the postal service with a notation "Return to Sender – addressee unknown – attempted not known – unable to forward" and filed in the instant civil action on December 15, 2008.

    The petitioner was warned in the orders of this court that his failure to timely comply with the requirements of the order or failure to notify this court of a change of address would result in the dismissal of his case without further notice. The

petitioner has not complied with the orders of this court nor has he contacted this court since he filed the original petition on May 8, 2007. Therefore, this court finds that it is apparent from the petitioner's failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); Larson v. Scott, 157 F.3d 1030 (5th Cir.1998); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Link, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court. Id. at 629-30.

The petitioner has not complied with two court orders, nor has he contacted this court since May 8, 2007. The court concludes that dismissal of this action for petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. Since the respondent has never been called upon to respond to the petitioner's pleading and since the court has

2

never considered the merits of petitioner's claims, the court's order of dismissal will provide that dismissal is without prejudice. See Munday/Elkins Automotive Partners, LTD. v. Smith, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the  29th  day of January, 2009.

                                        s/ David Bramlette
                                UNITED STATES DISTRICT JUDGE